UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DONNA D. MYERS, and DANIEL MYERS,
etc., and CAROLINE R. MYERS,

Plaintiffs,

v.

Case No.3:10-cv-809-J-12TEM

HANNE P. PORTER and THOMAS
PORTER,

Defendants.

## ORDER

This cause is before the Court on: 1) Plaintiffs' Motion for Partial Summary Judgment as to Fourth and Fifth Affirmative Defenses (Doc. 53); 2) Defendants' response thereto (Doc. 54); 3) Defendants' Cross-Motion for Partial Summary Judgment as to Fourth Affirmative Defense and Defendants' Motion for Summary Final Judgment as to Plaintiffs' Claims Against Defendant Thomas Porter (Doc. 57); and 4) Plaintiffs' response in opposition thereto (Doc. 59). For the reasons set forth below, the Court will grant Plaintiffs' Motion for Partial Summary Judgment (Doc. 53) as to Defendants' Fourth Affirmative Defense and find moot Plaintiffs' Motion for Partial Summary Judgment (Doc. 53) as to Defendants' Fifth Affirmative Defense, and accordingly, deny Defendants' Cross-Motion for Partial Summary Judgment, etc. (Doc.57).

Plaintiffs' Amended Complaint (Doc. 25), seeks damages from both Defendants for negligence (Count I) and loss of Consortium (Count II), arising from an automobile accident that occurred on November 4, 2008. Defendant Thomas Porter was co-owner of the

vehicle driven by his wife Defendant Hanne P. Porter, whose negligence Plaintiffs allege caused their injuries.

Defendants' Fourth Affirmative Defense is that Defendant Hanne P. Porter, as co-owner of the vehicle, was entitled to operate it without Defendant Thomas Porter's consent, and therefore Defendant Thomas Porter cannot be vicariously liable for Defendant Hanne P. Porter's alleged negligence. See Doc. 26 at ¶18. Defendants' Fifth Affirmative Defense is that Defendant Hanne P. Porter was a permissive user of the vehicle they co-owned, therefore pursuant to Fla. Stat. § 324.021(9)(b)(3), Defendant Thomas Porter's liability, if any, is limited.

With respect to Plaintiffs' Motion for Partial Summary Judgment as to Defendants' Fourth Affirmative Defense, and Defendants' Cross-Motion for Partial Summary Judgment, etc., thereon, the Court finds that under applicable Florida law, Defendant Thomas Porter may be found liable for the negligence of Defendant Hanne P. Porter while driving the vehicle they co-owned. Florida's dangerous instrumentality doctrine has long held that the owner of a dangerous instrumentality, such as an automobile, is vicariously liable for damages caused by another's use of the property, and that there are very few exceptions to this doctrine.

In Southern Cotton Oil Co. v. Anderson, the Florida Supreme Court found that "[a]n automobile being a dangerous machine, its owner should be held responsible for the manner in which it is used; and [the owner's] liability should extend to its use by any one with [the owner's] consent" and "the liability of the owner ... extends to the negligence of any one who uses such instrumentality upon the public highways with the authority and permission of the owner." 80 Fla. 441, 457 and 462 (Fla. 1920). In Hertz Corp. v. Jackson,

2

that same court noted that "Florida's unique dangerous instrumentality doctrine 'imposes strict, vicarious liability upon the owner or other possessor of a motor vehicle who voluntarily entrusts it to another for any subsequent negligent operation which injures a member of the travelling public' ... [and] an owner who gives authority to another to operate the owner's vehicle, by *either express or implied consent*, has a nondelegable duty to ensure that the vehicle is operated properly." 617 So.2d 1051, 1052-53 (Fla. 1993)(citations omitted)(emphasis added). See, also, Aurbach v. Gallina, 753 So.2d 60,62 (Fla. 2000)(persons may be held vicariously liable under Florida's dangerous instrumentality doctrine if they have an identifiable property interest in the vehicle).

The law of Florida recognizes several exceptions to the strict liability imposed under the dangerous instrumentality doctrine, none of which are alleged to apply in this case. See, e.g., Hertz, 617 So.2d at 1053. The Florida Supreme Court also holds that "when control of such a vehicle is voluntarily relinquished to another, only a breach of custody amounting to a species of conversion or theft will relieve an owner of responsibility for its use or misuse. The validity or effect of restrictions on such use, as between the parties, is a matter totally unrelated to the liabilities imposed by law upon one who owns and places in circulation an instrumentality of this nature." Susco Car Rental Syst. of Fla. v. Leonard, 112 So.2d 832 ,835-86 (Fla. 1959). See, also, Orefice v. Albert, 237 So.2d 142 (Fla. 1970)(applying Florida's dangerous instrumentality doctrine with respect to automobiles to co-owners of an airplane to find one co-owner liable for the negligence of the other when the instrumentality is being operated by consent or authority citing Susco ); Hertz Corp. v. Dixon. 193 So.2d 176, 177 (Fla. 1st DCA 1966)(Florida's dangerous instrumentality doctrine is more closely allied with that of the District of Columbia under which it is flatly held that a

co-owner becomes vicariously liable for the operation of an automobile by the other co-owner under the factual situation where one co-owner has voluntarily permitted the use of the vehicle by the other with knowledge and consent).

It is clear from the case law that Florida courts view co-ownership as a grant of explicit or implicit permission, knowledge and consent for each co-owner to use the vehicle, absent facts indicating theft, conversion, possession of nothing more than naked title, or some other recognized exception to Florida's dangerous instrumentality doctrine not presented in the facts of this case. Defendants argue in effect that because each co-owner has the right to use or dispose of the vehicle without the others' permission, neither may ever be held vicariously liable for the negligence of the other. This argument is not supported by the case law in Florida.

The cases cited by Defendants in support of their position do not rely on Florida's dangerous instrumentality doctrine. See, e.g., Rushing v. Polk, 128 S.E.2d 675 (N.C. 1962)(in North Carolina agency or joint enterprise is required to impose liability for negligence on absent co-owner with no discussion of dangerous instrumentality doctrine); LaMonte v. Diego, 274 So. 2d 254, 256 (Fla. 2d DCA 1973)(Florida's dangerous instrumentality doctrine which would impute negligence of one co-owner to the other is not dispositive of question of whether a co-owner may seek recovery from a negligent party). As a result, the Court finds that Plaintiffs' Motion for Partial Summary Judgment (Doc. 53) should be granted as to Defendants' Fourth Affirmative Defense and Defendants' Cross-Motion for Partial Summary Judgment, etc. (Doc. 57), is due to be denied.

With respect to Plaintiffs' Motion for Partial Summary Judgment (Doc. 53) as to Defendants' Fifth Affirmative Defense, Defendants acknowledge that the issue raised

therein is not properly asserted as an affirmative defense, but is appropriately the subject of a motion to limit judgment following a jury verdict. See Lynn v. Feldmeth, 849 So.2d 481, 483 (Fla. 2d DCA 2003). As a result, the Court will strike Defendants' Fifth Affirmative Defense, and find Plaintiffs' Motion for Partial Summary Judgment (Doc. 53) as to Defendants' Fifth Affirmative Defense moot. Accordingly, it is

**ORDERED AND ADJUDGED:**

1. That Defendants' Fifth Affirmative Defense contained in Doc. 26 is hereby stricken; and

2. That Plaintiffs' Motion for Partial Summary Judgment as to Fourth and Fifth Affirmative Defenses (Doc. 53) is granted as to Defendants' Fourth Affirmative Defense and found moot as to Defendants' Fifth Affirmative Defense; and

3. That Defendants' Cross-Motion for Partial Summary Judgment as to Fourth Affirmative Defense and Defendants' Motion for Summary Final Judgment as to Plaintiffs' Claims Against Defendant Thomas Porter (Doc. 57) are denied.

**DONE AND ORDERED** this 27th day of July, 2011.

*Howell W. Melton*
SENIOR UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record